UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| MICHAEL TUCKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Cause No. 3:05-CV-163 PS |
| | ) | |
| | ) | |
| CECIL DAVIS, | ) | |
| | ) | |
| Respondent. | ) | |

**OPINION AND ORDER**

*Pro se* petitioner Michael Tucker seeks a writ of habeas corpus. He is serving a forty-five year prison sentence in an Indiana penitentiary. His sentence began in 1983 after Tucker pled guilty to robbery and to being a habitual offender under Indiana law. Respondent Cecil Davis has moved to dismiss Tucker's petition as successive under 28 U.S.C. § 2244(b). In 1992, Tucker filed a federal habeas petition in the Southern District of Indiana, which was denied on the merits. According to Respondent, Tucker has not received permission from the Seventh Circuit Court of Appeals to file a successive petition, which he must do for this Court to have jurisdiction. The Court agrees with Respondent and grants his motion to dismiss.

**FACTS**

A.   **State Court Proceedings**

At the time he filed his petition, Michael Tucker was an inmate at the Indiana State prison in Michigan City, Indiana. [DE 1] Respondent Cecil Davis is the superintendent of that facility. *Id*. After he filed his petition, Tucker was transferred to the Miami County Correctional Facility in Bunker Hill, Indiana where he now resides. [DE 13 at 5]

On July 26, 1983, Tucker pled guilty to robbery in Randolph County, Indiana and admitted to being a habitual offender under Indiana law. [DE 1]  The Randolph County Circuit Court sentenced Tucker to fifty years in prison.  [DE 6, Ex. B]  The court enhanced Tucker's sentence under the Indiana habitual offender statute because Tucker admitted to having five prior felony convictions:  a forgery conviction in Ohio in 1974; two federal felony convictions relating to the interstate transport of stolen property in 1978; and two car theft convictions in Indiana in 1980.  *Id*.  To qualify as a habitual offender under Indiana law, Tucker need only have committed two prior, unrelated felonies.[1]  *Id*.

Tucker did not directly appeal his Randolph County conviction or his sentence.  [DE 1]  He did, however, seek post-conviction relief in Randolph County Circuit Court from his enhanced sentence as a habitual offender.  In his petition for post-conviction relief, Tucker contended that his guilty plea was neither voluntary nor intelligent.  *Id*.  In addition, Tucker alleged that he had not been informed of the nature of the charges against him or of the consequences of his guilty plea.  *Id*.  Tucker also alleged that his court-appointed counsel was ineffective during the plea proceedings.  *Id*.  The Randolph County Circuit Court granted Tucker partial relief and reduced his sentence from fifty to forty-five years.  *Id*.  The Indiana Court of Appeals affirmed and the Indiana Supreme Court denied transfer.  *Id*.

---

[1]  An Indiana court ultimately vacated the two car theft convictions as a result of post-conviction proceedings.

**B.     Tucker's 1992 Petition**

On February 12, 1992, Tucker filed a petition for a writ of habeas corpus in the Southern District of Indiana. [DE 6, Ex. A] The petition challenged Tucker's enhanced sentence under the habitual offender statute. *Id*. Specifically, Tucker attacked the use of the forgery conviction in Ohio as a qualifying conviction. *Id*. Tucker also alleged that his lawyer was ineffective for not arguing that his two federal convictions were related and, therefore, should have counted as only one conviction under the habitual offender statute. *Id*. In ordering the Respondent to show cause why Tucker's petition should not be granted, the Southern District of Indiana limited the issue to whether the Ohio conviction had unlawfully contributed to Tucker's enhanced sentence under the habitual offender statute. [DE 6, Ex. D] The State responded and Tucker filed a traverse. *Id*.

On June 25, 1992, the Southern District of Indiana denied Tucker's petition with prejudice and on the merits. [DE 6, Ex. B] The court ruled that any error with respect to the Ohio conviction was harmless surplusage because the Indiana habitual offender statute required only two prior, unrelated felonies. *Id*. In addition, the court found that Tucker waived his right to challenge the validity or relatedness of the prior convictions because he admitted all of them in connection with his guilty plea. *Id*. The court declined to address Tucker's ineffective representation claim because, in the district court's view, Tucker had not exhausted his state remedies on that particular claim. *Id*.

Tucker appealed. The Seventh Circuit affirmed the district court's ruling in an unpublished opinion. *See Tucker v. Duckworth*, 1993 WL 139003 (7th Cir. April 30, 1993). The Seventh Circuit found that Tucker in fact had exhausted his ineffective representation claim in

3

state court. *Id*. at *4. The court proceeded to address and reject the claim on its merits because Tucker failed to show prejudice. *Id*. The Seventh Circuit found no error in Tucker's habitual offender enhancement. The court explained that even if it ignored the two vacated Indiana convictions and assumed that only one of the two federal convictions could be used to support the enhancement, one federal conviction and the Ohio conviction still remained. *Id*. "This leaves two prior felony convictions, which is all that is needed to support the enhancement." *Id*. The court rejected any suggestion that Tucker's Ohio conviction in 1974 and his federal convictions in 1978 were somehow related for purposes of the habitual offender statute. *Id*.

      C.      **Tucker's Current Petition**

On March 21, 2005, some twelve years later, Tucker filed a second petition for writ of habeas corpus in federal court. [DE 1] That is the petition currently before this Court. Tucker's second petition again challenges his habitual offender sentencing enhancement, though Tucker appears to raise new claims with respect to his sentence. He alleges that the Indiana courts erred in denying him post-conviction relief because: 1) the Indiana appellate court improperly considered his pre-sentence report even though the prosecutor never placed it into the record at the trial court level; 2) the pre-sentence report was never "certified" as mandated by state law; 3) the Indiana appellate court failed to allege commission dates that must be proven to have occurred on the date shown on the pre-sentence report; and 4) the pre-sentence report showed the forgery offense in Ohio to have taken place on the wrong date. *Id*.

Tucker states that these grounds were not raised in his previous petitions for post-conviction or habeas relief because they were not known to have existed at the time. [DE 1] Although unclear, Tucker appears to assert that these grounds were not known until he filed a

third petition for post-conviction relief in Indiana state court on August 2, 2004. *Id*. According to Tucker, his third petition for post-conviction was denied on September 7, 2004. *Id*.

On March 23, 2005, this Court ordered Respondent to show cause why the Court should not assume jurisdiction over the case and grant the requested relief. [DE 2] On July 19, 2005, Respondent moved to dismiss Tucker's petition as successive. [DE 6] According to Respondent, this Court lacks jurisdiction over Tucker's petition because Tucker has not received permission from the Seventh Circuit to file a successive petition under 28 U.S.C. § 2244(b). *Id*.

Tucker asked for and received two generous extensions of time to respond to the motion to dismiss. [DE 12] When the extended deadline finally arrived, more than seven months after Tucker received the motion to dismiss, Tucker did not file a response. Instead, he moved to withdraw his petition without prejudice or, alternatively, to extend the deadline to file his response for another 90 days. [DE 13]

## **DISCUSSION**

In federal court, a prisoner is entitled to one free-standing collateral attack per judgment. *Beyer v. Litscher*, 306 F.3d 504, 507 (7th Cir. 2002). This is not the same as one attack per stretch of imprisonment. *Id*. Under 28 U.S.C. § 2244(b)(3), a petitioner must get permission from the courts of appeals before filing second or successive petitions in the district courts. *Altman v. Benik*, 337 F.3d 764, 766 (7th Cir. 2003). From the district court's perspective, section 2244(b) is "an allocation of subject-matter jurisdiction to the court of appeals." *Nunez v. Washington*, 96 F.3d 990, 991 (7th Cir. 1996). A district court must dismiss a second or successive petition unless the court of appeals has approved its filing. *Id*. "A second or

5

successive collateral attack may no more begin in the district court than a criminal prosecution may commence in the court of appeals." *Id*.

What constitutes a successive petition is not always obvious because not every habeas petition counts for purposes of 28 U.S.C. § 2244(b). *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001); *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996). A petition dismissed for technical or procedural deficiencies does not count as a prior petition and will not render a later, cured petition "successive." *See Altman*, 337 F.3d at 766. For instance, petitions dismissed because the petitioner filed in the wrong district, *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999), or failed to pay the filing fee, *Benton*, 106 F.3d at 165, do not count for purposes of section 2244(b). Nor do petitions that are dismissed as premature. *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (petitions filed before exhaustion of state remedies do not count for purposes of section 2244(b)).

On the other hand, any petition resolved in a way that satisfies a petitioner's one full and fair opportunity to raise a federal collateral attack does count for purposes of section 2244(b). *Altman*, 337 F.3d at 766 (citations omitted). This includes petitions that are denied on the merits, *In re Page*, 179 F.3d 1024, 1025 (7th Cir. 1999), that are denied as untimely on statute-of-limitations grounds, *Altman,* 337 F.3d at 766, or that the petitioner voluntarily dismisses in the face of imminent defeat, *Potts v. United States*, 210 F.3d 770, 771 (7th Cir. 2000).

Tucker's 1992 petition plainly counts as a swing under 28 U.S.C. § 2244(b). It was not dismissed for technical or procedural deficiencies. Quite the opposite, the district court denied the petition on its merits and the Seventh Circuit affirmed the ruling. Thus, Tucker's current petition is successive to his 1992 petition filed in the Southern District of Indiana. Both petitions

challenge Tucker's enhanced sentence under the Indiana habitual offender statute and imposed by the Randolph County Circuit Court in 1983.  Although Tucker's current petition appears to raise claims not raised in his 1992 petition, it is not for this Court to decide whether Tucker should be permitted to pursue those claims in a successive petition under the narrow circumstances laid out in 28 U.S.C. § 2244(b)(2).  Congress has left it to the Circuit Court of Appeals to make that decision.  *See* 28 U.S.C. § 2244(b)(3) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Without an order from the Seventh Circuit authorizing Tucker to file a successive petition, this Court has no jurisdiction over this case.  Accordingly, the Court **GRANTS** Respondent's Motion to Dismiss [DE 6] and Tucker's claims are **DISMISSED** without prejudice.  Tucker is free to ask the Seventh Circuit for permission to file a successive application under 28 U.S.C. § 2244(b).  Finally, Tucker's motion to withdraw his petition, or alternatively, for additional time to file his traverse [DE 13], is **DENIED** as moot.

    **SO ORDERED.**

ENTERED:  March 28, 2006

                                              s/ Philip P. Simon
                                              Philip P. Simon, Judge
                                              United States District Court